The opinion of the Court was delivered by
Whitner, J.
The first ground of appeal refers to C. H. Dillard, a witness introduced on the part of plaintiffs, and notwithstanding the terms, the objection must be considered as to the particular evidence he was called to disclose. The general rule is one universally conceded, and should be held of sacred inviolability. The attorney or the Judge who would disregard the professional confidence reposed by a client, would become the subject of just reprehension. It is a protection to the client, ' and although he may waive his privilege, the profession cannot well be too cautious in guarding it. The report of the case fully discloses the precise circumstances under which the evidence was offered, as well as the evidence itself. I need not descant upon the rule or its exceptions. The admissibility of the evidence depends on a question which underlies the rule, whether in fact the rule be applicable to the case made. Did the relation exist of client and attorney with reference to the matter in hand 1 The witness was the general lawyer of the defendant, and'the remark made, as testified, from its nature-may well justify the inference that it was confidential. But by any test to which the inquiry may be subjected, how can the conclusion be *471 reached that the attorney was engaged in his professional capacity in the service of the party interposing the objection ?— that the relation so existed as to authorize the privilege 1 The witness did not so regard it. The presiding Judge could not know by intuition that the fact was so. That one is regarded as the general lawyer of another, does not hence close his mouth as a witness. Certain executions against the defendant had been assigned to the son, and they were handed by the defendant to the attorney for renewal. He sought no counsel. He asked no question. He promised no fee. He demanded no service for himself professionally, and no advice was given him to regulate his future action. In all this, was he any thing but the mere hand in passing the papers 1 — the agent of the son, a plaintiff in execution ?
When the act or declarations of a party are offered against him, and he claims exemption from the general rule, it can be no hard measure to require that he shall bring himself within the exception. If by any legitimate inference it could be seen from the fact disclosed, that such was the understanding authorized and warranted; that here was a transaction between a lawyer and client, the protection would be readily afforded. Such, however, is not the conclusion attained by this Court. For the purpose of submitting a further view, it may be added, that in no way possible could such inference arise, unless perhaps upon the assumption, that the service demanded and rendered was at the instance and for the benefit of the defendant^ because of his fraudulent purpose to set up the Baker execution; for otherwise the professional act to be performed was at least one of pure indifference to him.
The party claiming this protection repudiates such a view. Such a shield would be more disastrous than the dagger itself. The conclusion also could only be arrived at by the Court, from the character of the fact disclosed. This fact the party still denies, and the jury has not found it against him; and hence a portion of the Court regard the evidence without consequence in the issues found against him. 1 Green, on Ev. § 239, well *472 states the rule, that “in regard to the persons to whom the communications must have been made in order to be thus protected, they must have been made to the counsel, attorney, or solicitor acting for the time being in the character of legal adviser.”
A communication however confidential to a friend, though that friend be a lawyer, and the general lawyer of the party, touching a matter wherein the relation of attorney and client does not exist, cannot be regarded as falling within the privilege.
The eighth ground maintains that the finding of the jury on the issues submitted to them, are contradictory, the one tending to, and indeed, in law, defeating the legal effect of the others, &c.
The jury returned a verdict for plaintiffs on the first, second and sixth specifications in the suggestion, and assuming for the purpose of this ground, that on all other specifications, their finding was equivalent to a verdict thereupon for the defendant, this Court has not perceived inconsistency or contradiction.
In the argument the tenth specification has been especially arrayed against those found for the plaintiffs, and yet there is a striking difference.
Passing by the distinctions in the other particulars, the grouping of different creditors by name against some of whom at least there was not the slightest imputation in the evidence, might well have justified the jury, and quite sufficiently vindicate their verdict in this particular. It would be tedious and fruitless to pursue the inquiry suggested by this ground. No prominence has been given in the argument to the other specifications, and a comparison by a careful reading alone renders manifest that the objection is not well founded.
The tenth ground urges that a just construction of the statute (A. A. 1788, sec. 7) operates as a bar to the fraud here found, more than three months having elapsed between its commission and the arrest. The Act enumerates the delinquencies which will prevent the debtor from its benefits — if he “ shall have within three months before his or her confinement, or at any time since paid or assigned his estate or any part thereof *473 to one creditor in preference to another, or fraudulently sold, conveyed or assigned his estate to defraud his creditors.” The question presented by this ground has been fully considered in Gray vs. Schroeder, 2 Strob. 126, as it had been in a previous case of Sherman and Debruhl vs. Barrett. The obvious distinction between the undue preference and a fraudulent disposition of property contemplated by the Act, as well from its terms as the reason on which it is founded, the limitation of time applying only to the former branch, is so fully pointed out and distinctly ruled, that further comment cannot be necessary.
The remaining grounds of appeal, though pressed with remarkable zeal, in the judgment of this Court are quite sufficiently noticed in the report of the presiding Judge. The character of the charge, and the consequences of the verdict to this unfortunate defendant, entitled him to a very patient hearing and dispassionate review of all the facts. This has been accorded. An intelligent jury has pronounced against him. The occasion does not require a re-statement, or comment by way of vindication. The facts are fully enumerated in the brief, and they justify amply the verdict rendered.
The motion of the defendant for a new trial is refused.
O’Neall, Wardlaw, Withers and Munro, JJ., concurred.
Glover, J., absent at the argument.

Motion dismissed.